RUCKER, Respondent, *vs.* MUSICK, Appellant.

1. Under the new code, when a case has been tried by the court below, without a jury, and there is no finding of facts preserved in the record, the judgment will be affirmed.*

*Appeal from Franklin Circuit Court.*

*Jones*, for appellant.

*Frissell*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This was a proceeding under the new code, for partition and for relief, in the nature of an ejectment. The cause was submitted to the court, without the intervention of a jury, and none of the facts, on which the judgment of the court is founded, are preserved in the record. There is, it is true, a bill of exceptions preserving the evidence in the cause. But this is not what is required by the fifteenth article of the code, when the trial is by the court. The second section of that article enacts, that in giving the decision, the facts shall be first stated, and then the conclusion of the law upon them. So it is not sufficient to set out the evidence in a bill of exceptions, but the material facts established by the evidence and which constitute the foundation of the judgment, must be stated in the record preceding its entry. If an exception to the finding of any fact by the court is taken, then, only, a bill of exceptions is necessary, showing so much of the evidence bearing on the fact, that this court may determine whether the fact has been properly found by the court below. This construction of the code has been maintained in several cases, and for want of the finding of the facts by the court below, the other Judges concurring, the judgment must be affirmed.

*This rule has since been changed, in the case of *Bower* v. *Bates*, determined at the March term, 1853. It was there decided, that a judgment will be *reversed*, instead of affirmed, when the trial was by the court, and there is no finding of the facts preserved in the record.—[REP.